✎ JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**ORIGINAL**

## I. (a) PLAINTIFFS

Travelers Property Casualty Company of America, a Connecticut corporation; et al.

### DEFENDANTS

Centex Homes, a Nevada partnership, and DOES 1 through 10 inclusive

**(b)** County of Residence of First Listed Plaintiff **Hartford CT**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Washoe County, Nevada**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

A. Eric Aguilera, Esq.
Bohm, Matsen, Kegel & Aguilera, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626  T: 714-384-6500  F: 714-384-6501

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Declaration and determination that Plaintiff has neither a duty to defend nor a duty to indemnify and recovery of fees.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE
7.22.11

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

**BOHM, MATSEN, KEGEL & AGUILERA, LLP**
A. Eric Aguilera (SBN 192390)
Raymond E. Brown (SBN 164819)
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone: (714) 384-6500
Facsimile: (714) 384-6501
eaguilera@bmkalaw.com
rbrown@bmkalaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**CV 11 3638**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; FIDELITY & GUARANTY INSURANCE COMPANY, an Iowa corporation; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation, ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation | Case No. |
| | **COMPLAINT FOR:** |
| | **(1) DECLARATORY RELIEF;** |
| | **(2) BREACH OF CONTRACT;** |
| Plaintiff, | **(3) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| vs. | |
| CENTEX HOMES, a Nevada partnership; and DOES 1 through 10 inclusive, | **JURY DEMAND** |
| Defendant. | |

For its claims against Defendants Centex Homes and Does 1 through 10, Plaintiffs TRAVELERS

PROPERTY CASUALTY COMPANY OF AMERICA, FIDELITY & GUARANTY INSURANCE

COMPANY, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, and ST. PAUL

MERCURY INSURANCE COMPANY (collectively referred to as "Plaintiffs") allege as follows:

### JURISDICTION

1.       Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

1

("Travelers") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut. Travelers is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2. Plaintiff FIDELITY & GUARANTY INSURANCE COMPANY ("Fidelity") is now, and at all relevant times was, a corporation, existing under the laws of the State of Iowa. Fidelity is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

3. Plaintiffs THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("TRV Indemnity"), is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut. TRV Indemnity is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

4. Plaintiffs ST. PAUL MERCURY INSURANCE COMPANY ("St. Paul"), is now, and at all relevant times was, a corporation, existing under the laws of the State of Minnesota. St. Paul is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

5. Plaintiffs are informed and believe and thereon allege that Defendant Centex Homes ("Centex" or "Defendant"), is, a partnership, existing under the laws of the State of Nevada. Plaintiffs are further informed and believe and thereon allege that Centex is, and at all times relevant was, a home builder doing business in the State of California.

6. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiffs are unaware of the true names and capacities of said DOE defendants. Plaintiffs will amend this Complaint to reflect the true names when the same are ascertained. Plaintiffs are informed and believe and thereon allege that said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

7. This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds $75,000, and

2

1   represents fees and costs sought by Defendant Centex from Plaintiffs in connection with its defense

2   and indemnification in two separate lawsuits.

3                                          **VENUE**

4          8.      Plaintiffs are informed and believe and thereon allege that the acts and/or omissions

5   at issue in this litigation took place in this judicial district within the State of California.   The

6   Underlying Action is pending in this judicial district.   Venue, therefore, lies with this Court, as a

7   substantial part of the events which are the subject of the claims asserted herein are located and/or

8   took place in this judicial district.

9                                 **GENERAL ALLEGATIONS**

10  **A.     Insurance Policies**

11          **(1) The American Woodmark Policy**

12         9.      Travelers issued commercial general liability policy number TJ GLSA-450J0461-

13  TIL, effective 2/8/03 through 3/1/04, under which American Woodmark Corporation was a named

14  insured (hereinafter referred to as the "American Woodmark Policy").   Under the terms of the

15  American Woodmark Policy, Travelers was given the right to retain counsel of its own choosing to

16  represent its insured or any other additional insureds.  In addition, under the terms of the American

17  Woodmark Policy, the insured and additional insureds are mandated to cooperate with Travelers

18  with regard to all aspects of its coverage, including any defense afforded under the policy.   The

19  American Woodmark Policy contains the Commercial General Liability Coverage Form CG 00 01

20  10 93, as modified by form CG D1 94 11 97, which specifically provides in part as follows:

21

22         **SECTION I – COVERAGES**

23         **COVERAGE  A.  BODILY  INJURY  AND  PROPERTY**
    **DAMAGE LIABILITY**
24

25
    1.  **Insuring Agreement.**
26

27              a.  We will pay those sums that the insured becomes legally
                    obligated to pay as damages because of "bodily injury" or
28                  "property damage" to which this insurance applies.   We

1
2
3
4

> will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

5
6
7
8
9

10. The American Woodmark Policy further requires that in the event of an occurrence, offense, claim or suit, any insured must "[c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit' " and "[a]ssist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply."

10
11
12

11. In addition, the American Woodmark Policy provides that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than first aid, without our consent."

13

### (2) The West Coast Countertops Policy

14
15
16
17
18
19
20
21
22

12. Fidelity issued commercial general liability policy number BK0171446, effective 4/12/04 to 4/12/05, under which West Coast Countertops was the named insured (hereinafter referred to as the "West Coast Countertops Policy"). Under the terms of the West Coast Countertops Policy, Fidelity was given the right to retain counsel of its own choosing to represent its insured or any other additional insureds. In addition, under the terms of the West Coast Countertops Policy, the insured and any additional insureds are mandated to cooperate with Travelers with regard to all aspects of its coverage, including any defense afforded under the policy. The West Coast Countertops Policy contains the Liability Coverage Part form number CL/BF 20 10 11 02, which specifically provides in part as follows:

23
24

### SECTION I. COVERAGE

25

### A. Liability

26

### 1. Insuring Agreement

27
28

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily

4

1
2
3

injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

4    13.    The West Coast Countertops Policy also provides that any insured "must cooperate

5 with and, when requested, assist us in…[t]aking other reasonable steps to help us investigate or

6 settle a claim or 'suit' or defend any insured against a 'suit'."

7    14.    In addition, the West Coast Countertops Policy provides that "[n]o insured will,

8 except at the insured's own cost, voluntarily make a payment, assume any financial obligation or

9 incur any expense, other than for first aid given to other persons at the time of an accident, without

10 our consent."

11    **(3) The Foremost Superior Marble Policy**

12    15.    Travelers issued commercial general liability policy number 680-359Y8564-TIL,

13 effective 8/1/02 through 8/1/03 under which Foremost Superior Marble was a named insured

14 (hereinafter referred to as the "Foremost Policy "). Under the terms of the Foremost Policy,

15 Travelers was given the right to retain counsel of its own choosing to represent its insured or any

16 other additional insureds. In addition, under the terms of the Foremost Policy, the insured and

17 additional insureds are mandated to cooperate with Travelers with regard to all aspects of its

18 coverage, including any defense afforded under the policy. The Foremost Policy contains the

19 Commercial General Liability Coverage Form CG 00 01 10 93, as modified by form CG D1 94 11

20 97, which specifically provides in part as follows:

21
22    **SECTION I – COVERAGES**

23    **COVERAGE A. BODILY INJURY AND PROPERTY**
24    **DAMAGE LIABILITY**

25    **1. Insuring Agreement.**

26        b.  We will pay those sums that the insured becomes legally
27            obligated to pay as damages because of "bodily injury" or
            "property damage" to which this insurance applies. We
28            will have the right and duty to defend the insured against
            any "suit" seeking those damages. However, we will have

5

> no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

16. The Foremost Policy further requires that in the event of an occurrence, offense, claim or suit, any insured must "[c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit' " and "[a]ssist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply."

17. In addition, the Foremost Policy provides that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than first aid, without our consent."

### (4) The Fresno Precision Plastics Policy

18. TRV Indemnity issued commercial general liability policy number Y-630-626X1002-TCT-04, effective 5/1/04 through 5/1/05, under which Fresno Precision Plastics was a named insured (hereinafter referred to as the "Fresno Policy "). Under the terms of the Fresno Policy, TRV Indemnity was given the right to retain counsel of its own choosing to represent its insured or any other additional insureds. In addition, under the terms of the Fresno Policy, the insured and additional insureds are mandated to cooperate with TRV Indemnity with regard to all aspects of its coverage, including any defense afforded under the policy. The Fresno Policy contains the Commercial General Liability Coverage Form CG 00 01 10 93, as modified by form CG D1 94 11 97, which specifically provides in part as follows:

### SECTION I – COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement.**

> c. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We

6

> will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

19. The Fresno Policy further requires that in the event of an occurrence, offense, claim or suit, any insured must "[c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit' " and "[a]ssist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply."

20. In addition, the Fresno Policy provides that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than first aid, without our consent."

**(5) The Executive Landscape Policy**

21. St. Paul issued commercial general liability policy number CK08100356, effective 6/30/06 through 6/30/07, under which Executive Landscape was a named insured (hereinafter referred to as the "Executive Landscape Policy "). Under the terms of the Executive Landscape Policy, St. Paul was given the right to retain counsel of its own choosing to represent its insured or any other additional insureds. In addition, under the terms of the Executive Landscape Policy, the insured and additional insureds are mandated to cooperate with St. Paul with regard to all aspects of its coverage, including any defense afforded under the policy. The Executive Landscape Policy contains the Commercial General Liability Protection form 47500 Rev. 1-01, which specifically provides in part as follows:

> **Right and duty to defend a protected person.**
> We'll have the right and duty to defend any protected person against a claim or suit for injury or damage covered by this agreement. We'll have such right and duty even if all of the allegations of the claim or suit are groundless, false, or fraudulent. But we won't have a duty to perform any other act or service.

22. The Executive Landscape Policy also provides that any insured "must "[c]ooperate

7

1  with and, when requested, assist us in…[t]aking other reasonable steps to help us investigate or

2  settle, or defend a person or organization protected under your policy against, a claim or suit."

3      23.    In addition, the Executive Landscape policy prohibits an insured from "assum[ing]

4  any financial obligation or pay[ing] out any money, other than for first aid given to others at the

5  time of an accident, without our consent."

6          **B.    The Garvey Action**

7      24.    On or about March 18, 2010, the matter entitled, *Garvey et al. v. Centex Homes, et*

8  *al.*, Sacramento County Superior Court Case No. 34-2010-00073233 was filed ("Garvey Action").

9  On or about June 7, 2010, the plaintiffs filed a first amended complaint. The litigation relates to

10 allegations of construction defect by various homeowners in the Skyline, Sun River, and Town

11 Square developments in Sacramento, California. The first amended complaint alleges causes of

12 action against Centex for: 1) Strict Liability; 2) Breach of Express Warranty; 3) Breach of Implied

13 Warranties of Merchantability; and 4) Negligence.

14     25.    Centex, by and through its legal representative, Newmeyer & Dillion, tendered the

15 Garvey Action to Travelers as an additional insured under the American Woodmark Policy.

16     26.    Travelers acknowledged receipt of Centex's tender and requested additional

17 information. After receiving some of the requested information and reviewing same, Travelers sent

18 correspondence requesting additional information and advising that Travelers was still investigating

19 the matter.

20     27.    After receiving the requested information and completing its investigation, Travelers

21 sent correspondence to Centex advising it that subject to a full reservation of rights, Travelers

22 accepted Centex's tender and agreed to defend Centex in the Garvey Action as an additional insured

23 under the American Woodmark Policy. At that time, Travelers asserted its right to retain counsel of

24 its choosing and advised Centex that it was appointing Mary K. Glaspy of the law firm Glaspy &

25 Glaspy to represent and defend Centex in the Garvey Action.

26     28.    To date, Centex has refused to accept counsel appointed by Travelers to defend it in

27 the Garvey Action. Said refusal is in material breach of the subject insurance policy, and the implied

28 covenant of good faith and fair dealing. In addition, Centex has refused to seek contribution and/or

**COMPLAINT**

1 a defense from other insurance carriers. Such conduct is also a material breach of the subject

2 insurance policy, and the implied covenant of good faith and fair dealing.

3      **C.      The Acupan Action**

4      29.      On or about March 29, 2010, pursuant to California Civil Code §895 et seq., the

5 owners of 134 homes located in the Encanto, Tesoro, Greystone and Hidden Oaks communities in

6 Bakersfield, California, provided notice to Centex of claims for construction deficiencies.  The

7 owners of additional homes provided notice to Centex of claims of construction deficiencies on or

8 about April 22, 2010, May 24, 2010, July 27, 2010, September 21, 2010, November 8, 2010, and

9 February 2, 2011, bringing the total homes at issue to 203.  In the notices, the homeowners allege a

10 variety of defects in their homes.  On or about April 19, 2011, the homeowners filed the lawsuit

11 entitled *Acupan et al. v. Centex Homes, et al.*, Kern County Superior Court Case No. S-1500-CV-

12 273392 (the "Acupan Action").

13      30.      Centex, by and through its legal representative Newmeyer & Dillion, tendered the

14 Acupan Action to Fidelity as an additional insured under the West Coast Countertops Policy.

15      31.      After requesting additional information and conducting an investigation, Fidelity sent

16 correspondence to Centex advising it that subject to a full reservation of rights, Fidelity accepted

17 Centex's tender and agreed to defend Centex in the Acupan Action as an additional insured under

18 the West Coast Countertops Policy.  Fidelity has asserted its right to retain counsel of its choosing

19 and advised Centex that it was appointing Mr. David Lee, Esq. of the law firm of Lee, Hernandez,

20 Landrum, Garofalo & Blake to represent and defend Centex in the Acupan Action.

21      32.      To date, Centex has refused to accept counsel appointed by Fidelity to defend it in

22 the Acupan Action. Said refusal is in material breach of the subject insurance policy, and the

23 implied covenant of good faith and fair dealing.  In addition, Centex has refused to seek contribution

24 and/or a defense from other insurance carriers.  Such conduct is also a material breach of the subject

25 insurance policy, and the implied covenant of good faith and fair dealing.

26      33.      Centex, by and through its legal representative Newmeyer & Dillion, also tendered

27 the Acupan Action to TRV Indemnity as an additional insured under the Fresno Policy.

28 ///

9

34.     After repeated requests for information and after conducting an investigation, TRV Indemnity sent correspondence to Centex advising it that subject to a full reservation of rights, TRV Indemnity accepted Centex's tender and agreed to defend Centex in the Acupan Action as an additional insured under the Fresno Policy.

35.     Centex has indicated that it will refuse to accept counsel appointed by TRV Indemnity to defend it in the Acupan Action. Said refusal is in material breach of the subject insurance policy, and the implied covenant of good faith and fair dealing. In addition, Centex has refused to seek contribution and/or a defense from other insurance carriers. Such conduct is also a material breach of the subject insurance policy, and the implied covenant of good faith and fair dealing.

**D.     The Adkins Action**

36.     On or about March 16, 2010, the owners of 33 single family homes in the Laguna Stonelake development located in Sacramento, California filed a construction defect lawsuit entitled *Suzanne Adkins, et al. v. Centex Homes, et al.*, Sacramento County Superior Court Case No. 2010-00068675 (the "Adkins Action"). The first amended complaint contains causes of action for: 1) Strict Products Liability; 2) Breach of Implied Warranty of Merchantability; 3) Breach of Contract; 4) Negligence; and 5) Breach of Express Warranty.

37.     Centex, by and through its legal representative, Newmeyer & Dillion, tendered the Adkins Action to Travelers as an additional insured under the Foremost Policy.

38.     Subject to a full reservation of rights, Travelers accepted Centex's tender and agreed to defend Centex in the Adkins Action as an additional insured under the Foremost Policy. Thereafter, Travelers retained Mr. David Lee, Esq. of the law firm of Lee, Hernandez, Landrum, Garofalo & Blake to represent and defend Centex in the Adkins Action.

39.     After being contacted by Mr. Lee, Centex, through counsel, sent written correspondence to Travelers refusing to accept Mr. Lee as its counsel in the underlying matter. Said refusal is in material breach of the subject insurance contract, and the implied covenant of good faith and fair dealing. In addition, Centex has refused to seek contribution and/or a defense from other insurance carriers. Such conduct is also a material breach of the subject insurance policy, and

1   the implied covenant of good faith and fair dealing.

2         **E.**    **The Conner Action**

3        40.    The homeowners of approximately 50 single family homes in the Desert Vista,

4   Loreto, and Vista Bella at the Heberwood Estates located in Heber, California, filed the lawsuit

5   entitled, *Conner et al. v. Centex Homes, et al.*, Imperial County Superior Court Case No. ECU06075

6   alleging a variety of construction defects.

7        41.    Centex, by and through its legal representative, Newmeyer & Dillion, tendered the

8   Conner Action to St. Paul as an additional insured under the Executive Landscape Policy.

9        42.    Subject to a full reservation of rights, St. Paul accepted Centex's tender and agreed to

10   defend Centex in the Conner Action as an additional insured under the Executive Landscape Policy.

11   Thereafter, St. Paul retained Mr. David Lee, Esq. of the law firm of Lee, Hernandez, Landrum,

12   Garofalo & Blake to represent and defend Centex in the Conner Action.

13        43.    After being contacted by Mr. Lee, Centex, through counsel, sent written

14   correspondence to St. Paul refusing to accept Mr. Lee as its counsel in the underlying matter. Said

15   refusal is in material breach of the subject insurance contract, and the implied covenant of good

16   faith and fair dealing.  In addition, Centex has refused to seek contribution and/or a defense from

17   other insurance carriers.  Such conduct is also a material breach of the subject insurance policy, and

18   the implied covenant of good faith and fair dealing.

19             **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

20     **(By Plaintiffs Travelers, Fidelity, TRV Indemnity, and St. Paul Against Defendant Centex**

21                       **and Does 1 through 10)**

22   **Count One**

23        44.    Plaintiffs hereby re-allege and incorporate by reference each allegations contained in

24   all preceding paragraphs of this Complaint as though fully set forth herein.

25        45.    An actual, present, and justiciable controversy has arisen and now exists between

26   Travelers, on the one hand, and the Defendant Centex on the other, concerning Travelers' rights,

27   duties, and obligations under the American Woodmark Policy.

28   ///

46.     Specifically, Travelers contends and is informed and believes that Centex disputes the following:

- Travelers contends that under the American Woodmark Policy, it has the right to control the defense of Defendant Centex in the Garvey Action and therefore, has the right to appoint counsel of its own choosing.

- Travelers also contends that Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860.

- Travelers also contends that Defendant Centex's refusal to acknowledge that Travelers has the right to control the defense and select counsel and its insistence that Travelers continue to pay the fees and costs of Newmeyer & Dillion is a breach of its duty to cooperate under the American Woodmark Policy.

- In addition, Travelers contends that Centex's refusal to seek a defense from and/or seek recovery of defense fees and costs incurred in defense of the Garvey Action from other carriers is a breach of its duty to cooperate under the American Woodmark Policy.

- In addition, Travelers contends that pursuant to the no-voluntary payments clause in the American Woodmark Policy, Travelers is not obligated to pay any fees and costs incurred by Newmeyer & Dillion subsequent to the date that Travelers appointed counsel of its choosing in the Garvey Action.

47.     Travelers has no complete and adequate remedy at law to resolve these disputes. Travelers seeks a judicial resolution of the controversy and a declaration of the following: (1) that Travelers has the right to control the defense of Centex in the Garvey Action; (2) that Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that Defendant Centex's refusal to acknowledge that Travelers has the right to control the defense and select counsel and its insistence that Travelers continue to pay the fees and costs of Newmeyer & Dillion is a breach of its duty to cooperate under the American Woodmark Policy; (4) that Centex's refusal to seek a defense from other carriers and/or refusal to seek recovery of defense fees and costs incurred in defense of the Garvey Action from other carriers is a breach of its

1    duty to cooperate under the American Woodmark Policy, and (5) that pursuant to the no-voluntary

2    payments clause in the American Woodmark Policy, Travelers is not obligated to pay any fees and

3    costs incurred by Newmeyer & Dillion subsequent to the date that Travelers appointed counsel of its

4    choosing in the Garvey Action.

5        48.     By reason of the foregoing, a declaratory judgment is both proper and necessary, so

6    that the respective rights, duties, and obligations as between Travelers and Centex may be

7    determined under the provisions of the applicable policies of insurance.

8    **Count Two**

9        49.     Plaintiffs hereby re-allege and incorporate by reference each allegation contained in

10    all preceding paragraphs of this Complaint as though fully set forth herein.

11        50.     An actual, present, and justiciable controversy has arisen and now exists between

12    Fidelity, on the one hand, and Centex on the other, concerning Fidelity's rights, duties, and

13    obligations under the West Coast Countertops Policy.

14        51.     Specifically, Fidelity contends and is informed and believes that Centex disputes the

15    following:

16             •    Fidelity contends that under the West Coast Countertops Policy, it has the right to

17                 control the defense of Defendant Centex in the Acupan Action and therefore, has

18                 the right to appoint counsel of its own choosing.

19             •    Fidelity also contends that Defendant Centex is not entitled to the appointment of

20                 independent counsel under California Civil Code § 2860.

21             •    Fidelity also contends that Defendant Centex's refusal to acknowledge that

22                 Fidelity has the right to control the defense and select counsel and its insistence

23                 that Fidelity continue to pay the fees and costs of Newmeyer & Dillion is a

24                 breach of its duty to cooperate under the West Coast Countertops Policy.

25             •    In addition, Fidelity contends that Centex's refusal to seek a defense from and/or

26                 seek recovery of defense fees and costs incurred in defense of the Acupan Action

27                 from other carriers is a breach of its duty to cooperate under the West Coast

28                 Countertops Policy.

13

- In addition, Fidelity contends that pursuant to the no-voluntary payments clause in the West Coast Countertops Policy, Fidelity is not obligated to pay any fees and costs incurred by Newmeyer & Dillion subsequent to the date that Fidelity appointed counsel of its choosing in the Acupan Action.

52. Fidelity has no complete and adequate remedy at law to resolve these disputes. Fidelity seeks a judicial resolution of the controversy and a declaration of the following: (1) that Fidelity has the right to control the defense of Centex in the Acupan Action; (2) that Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that Defendant Centex's refusal to acknowledge that Fidelity has the right to control the defense and select counsel and its insistence that Fidelity continue to pay the fees and costs of Newmeyer & Dillion is a breach of its duty to cooperate under the West Coast Countertops Policy; (4) that Centex's refusal to seek a defense from other carriers and/or refusal to seek recovery of defense fees and costs incurred in defense of the Acupan Action from other carriers is a breach of its duty to cooperate under the West Coast Countertops Policy, and (5) that pursuant to the no-voluntary payments clause in the West Coast Countertops Policy, Fidelity is not obligated to pay any fees and costs incurred by Newmeyer & Dillion subsequent to the date that Fidelity appointed counsel of its choosing in the Acupan Action.

53. By reason of the foregoing, a declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations as between Travelers and Defendant may be determined under the provisions of the applicable policy of insurance.

**Count Three**

54. Plaintiffs hereby re-allege and incorporate by reference each allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

55. An actual, present, and justiciable controversy has arisen and now exists between Travelers, on the one hand, and the Defendant Centex on the other, concerning Travelers' rights, duties, and obligations under the Foremost Policy.

56. Specifically, Travelers contends and is informed and believes that Centex disputes the following:

14

1    • Travelers contends that under the Foremost Policy, it has the right to control the
2        defense of Defendant Centex in the Adkins Action and therefore, has the right to
3        appoint counsel of its own choosing.

4    • Travelers also contends that Defendant Centex is not entitled to the appointment
5        of independent counsel under California Civil Code § 2860.

6    • Travelers also contends that Defendant Centex's refusal to accept Travelers
7        appointment of counsel in the Adkins Action is a breach of its duty to cooperate
8        under the Foremost Policy.

9    • In addition, Travelers contends that Centex's refusal to seek a defense from
10       and/or seek recovery of defense fees and costs incurred in defense of the Adkins
11       Action from other carriers is a breach of its duty to cooperate under the Foremost
12       Policy.

13   • In addition, Travelers contends that pursuant to the no-voluntary payments clause
14       in the Foremost Policy, Travelers is not obligated to pay any fees and costs
15       incurred by Newmeyer & Dillion subsequent to the date that Travelers appointed
16       counsel of its choosing in the Adkins Action.

17       57.    Travelers has no complete and adequate remedy at law to resolve these disputes.
18   Travelers seeks a judicial resolution of the controversy and a declaration of the following: (1) that
19   Travelers has the right to control the defense of Centex in the Adkins Action; (2) that Defendant
20   Centex is not entitled to the appointment of independent counsel under California Civil Code §
21   2860; (3) that Defendant Centex's refusal to accept Travelers appointment of counsel in the Adkins
22   Action is a breach of its duty to cooperate under the Foremost Policy; (4) that Centex's refusal to
23   seek a defense from other carriers and/or refusal to seek recovery of defense fees and costs incurred
24   in defense of the Adkins Action from other carriers is a breach of its duty to cooperate under the
25   Foremost Policy, and (5) that pursuant to the no-voluntary payments clause in the Foremost Policy,
26   Travelers is not obligated to pay any fees and costs incurred by Newmeyer & Dillion subsequent to
27   the date that Travelers appointed counsel of its choosing in the Adkins Action.

28   ///

15

58.    By reason of the foregoing, a declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations as between Travelers and Centex may be determined under the provisions of the applicable policies of insurance.

**Count Four**

59.    Plaintiffs hereby re-allege and incorporate by reference each allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

60.    An actual, present, and justiciable controversy has arisen and now exists between TRV Indemnity, on the one hand, and the Defendant Centex on the other, concerning TRV Indemnity's rights, duties, and obligations under the Fresno Policy.

61.    Specifically, TRV Indemnity contends and is informed and believes that Centex disputes the following:

- TRV Indemnity contends that under the Fresno Policy, it has the right to control the defense of Defendant Centex in the Acupan Action and therefore, has the right to appoint counsel of its own choosing.

- TRV Indemnity also contends that Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860.

- TRV Indemnity also contends that Defendant Centex's refusal to acknowledge that TRV Indemnity has the right to control the defense and select counsel and its insistence that TRV Indemnity continue to pay the fees and costs of Newmeyer & Dillion is a breach of its duty to cooperate under the Fresno Policy.

- In addition, TRV Indemnity contends that Centex's refusal to seek a defense from and/or seek recovery of defense fees and costs incurred in defense of the Acupan Action from other carriers is a breach of its duty to cooperate under the Fresno Policy.

- In addition, TRV Indemnity contends that pursuant to the no-voluntary payments clause in the Fresno Policy, TRV Indemnity is not obligated to pay any fees and costs incurred by Newmeyer & Dillion subsequent to the date that TRV Indemnity appointed counsel of its choosing in the Acupan Action.

16

62.     TRV Indemnity has no complete and adequate remedy at law to resolve these disputes.  TRV Indemnity seeks a judicial resolution of the controversy and a declaration of the following: (1) that TRV Indemnity has the right to control the defense of Centex in the Acupan Action; (2) that Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that Defendant Centex's refusal to acknowledge that TRV Indemnity has the right to control the defense and select counsel and its insistence that TRV Indemnity continue to pay the fees and costs of Newmeyer & Dillion is a breach of its duty to cooperate under the Fresno Policy; (4) that  Centex's refusal to seek a defense from other carriers and/or refusal to seek recovery of defense fees and costs incurred in defense of the Acupan Action from other carriers is a breach of its duty to cooperate under the Fresno Policy, and (5) that pursuant to the no-voluntary payments clause in the Fresno Policy, TRV Indemnity is not obligated to pay any fees and costs incurred by Newmeyer & Dillion subsequent to the date that TRV Indemnity appointed counsel of its choosing in the Acupan Action.

63.     By reason of the foregoing, a declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations as between TRV Indemnity and Centex may be determined under the provisions of the applicable policies of insurance.

**Count Five**

64.     Plaintiffs hereby re-allege and incorporate by reference each allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

65.     An actual, present, and justiciable controversy has arisen and now exists between St. Paul, on the one hand, and the Defendant Centex on the other, concerning St. Paul's rights, duties, and obligations under the Executive Landscape Policy.

66.     Specifically, St. Paul contends  and is informed and believes that Centex disputes the following:

- St. Paul contends that under the Executive Landscape Policy, it has the right to control the defense of Defendant Centex in the Conner Action and therefore, has the right to appoint counsel of its own choosing.

- St. Paul also contends that Defendant Centex is not entitled to the appointment of

17

1    independent counsel under California Civil Code § 2860.

2    • St. Paul also contends that Defendant Centex's refusal to accept St. Paul's

3    appointment of counsel in the Conner Action is a breach of its duty to cooperate

4    under the Executive Landscape Policy.

5    • In addition, St. Paul contends that Centex's refusal to seek a defense from and/or

6    seek recovery of defense fees and costs incurred in defense of the Conner Action

7    from other carriers is a breach of its duty to cooperate under the Executive

8    Landscape Policy.

9    • In addition, St. Paul contends that pursuant to the no-voluntary payments clause

10   in the Executive Landscape Policy, St. Paul is not obligated to pay any fees and

11   costs incurred by Newmeyer & Dillion subsequent to the date that St. Paul

12   appointed counsel of its choosing in the Conner Action.

13   67.    St. Paul has no complete and adequate remedy at law to resolve these disputes. St.

14   Paul seeks a judicial resolution of the controversy and a declaration of the following: (1) that St.

15   Paul has the right to control the defense of Centex in the Conner Action; (2) that Defendant Centex

16   is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3)

17   that Defendant Centex's refusal to accept St. Paul's appointment of counsel in the Conner Action is

18   a breach of its duty to cooperate under the Executive Landscape Policy; (4) that Centex's refusal to

19   seek a defense from other carriers and/or refusal to seek recovery of defense fees and costs incurred

20   in defense of the Conner Action from other carriers is a breach of its duty to cooperate under the

21   Executive Landscape Policy, and (5) that pursuant to the no-voluntary payments clause in the

22   Executive Landscape Policy, St. Paul is not obligated to pay any fees and costs incurred by

23   Newmeyer & Dillion subsequent to the date that St. Paul appointed counsel of its choosing in the

24   Conner Action.

25   68.    By reason of the foregoing, a declaratory judgment is both proper and necessary, so

26   that the respective rights, duties, and obligations as between St. Paul and Centex may be determined

27   under the provisions of the applicable policies of insurance.

28   ///

1

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

2 **(By Plaintiffs Travelers, Fidelity, TRV Indemnity, and St. Paul Against Defendant Centex and**

3 **Does 1 through 10)**

4        69.     Plaintiffs hereby re-allege and incorporate by reference each allegation contained in

5 all preceding paragraphs of this Complaint as though fully set forth herein.

6        70.     Under the terms of the American Woodmark, West Coast Countertops, Foremost,

7 Fresno, and Executive Landscape Policies the insured and any additional insureds, including

8 Defendant Centex, are mandated to cooperate with Plaintiffs with regard to all aspects of coverage,

9 including any defense afforded under the policies.

10       71.     Plaintiffs have performed all conditions, covenants, and promises required on their

11 part to be performed in accordance with the terms and conditions of the American Woodmark, West

12 Coast Countertops, Foremost, Fresno, and Executive Landscape Policies.

13       72.     Defendant Centex has breached the referenced insurance policies by breaching its

14 duty to cooperate pursuant to the terms of the policies by refusing to acknowledge that Plaintiffs

15 have the right to control the defense and select counsel in the referenced actions and by insisting

16 that Plaintiffs continue to pay the fees and costs of Newmeyer & Dillion, thereby impeding

17 Plaintiffs ability to provide Centex with a defense.  In addition, Centex has breached the duty to

18 cooperate by refusing to seek a defense from other insurance carriers and/or refusing to seek

19 recovery of defense fees and costs incurred in defense of the Garvey, Acupan, Adkins, and Conner

20 Actions from other insurance carriers.

21       73.     As a result of Centex's breach of the insurance policies and breach of the duty to

22 cooperate, Plaintiffs have been damaged in a sum according to proof at trial.

23 ## THIRD CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD

24 ## FAITH AND FAIR DEALING

25 **(By Plaintiffs Travelers, Fidelity, TRV Indemnity, and St. Paul Against Defendant Centex and**

26 **Does 1 through 10)**

27       74.     Plaintiffs hereby re-allege and incorporate by reference each allegation contained in

28 all preceding paragraphs of this Complaint as though fully set forth herein.

75.     There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.

76.     By engaging in the conduct more fully described above and in breaching the duty to cooperate by its continuous refusal to acknowledge Plaintiffs' right to select defense counsel thereby impeding Plaintiffs ability to provide a defense, Centex has acted in a manner that is unreasonable and without proper cause, aggravated, malicious, outrageous and fraudulent, without good faith and for the purpose of depriving Plaintiffs of their rights and benefits, and Centex has therefore breached the implied covenant of good faith and fair dealing.

77.     As the result of Centex's conduct, Plaintiffs have been damaged in a sum according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For a declaration of this Court of the following: (1) that Travelers has the right to control the defense of Centex in the Garvey Action; (2) that Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that Defendant Centex's refusal to acknowledge that Travelers has the right to control the defense and select counsel and its insistence that Travelers continue to pay the fees and costs of Newmeyer & Dillion is a breach of its duty to cooperate under the American Woodmark Policy; (4) that Centex's refusal to seek a defense from other carriers and/or refusal to seek recovery of defense fees and costs incurred in defense of the Garvey Action from other carriers is a breach of its duty to cooperate under the American Woodmark Policy, and (5) that pursuant to the no-voluntary payments clause in the American Woodmark Policy, Travelers is not obligated to pay any fees and costs incurred by Newmeyer & Dillion subsequent to the date that Travelers appointed counsel of its choosing in the Garvey Action.

2.     For a declaration of this Court of the following: (1) that Fidelity has the right to control the defense of Centex in the Acupan Action; (2) that Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that Defendant

1   Centex's refusal to acknowledge that Fidelity has the right to control the defense and select counsel

2   and its insistence that Fidelity continue to pay the fees and costs of Newmeyer & Dillion is a breach

3   of its duty to cooperate under the West Coast Countertops Policy; (4) that Centex's refusal to seek a

4   defense from other carriers and/or refusal to seek recovery of defense fees and costs incurred in

5   defense of the Acupan Action from other carriers is a breach of its duty to cooperate under the West

6   Coast Countertops Policy, and (5) that pursuant to the no-voluntary payments clause in the West

7   Coast Countertops Policy, Fidelity is not obligated to pay any fees and costs incurred by Newmeyer

8   & Dillion subsequent to the date that Fidelity appointed counsel of its choosing in the Acupan

9   Action.

10       3.     For a declaration of this Court of the following: (1) that Travelers has the right to

11   control the defense of Centex in the Adkins Action; (2) that Defendant Centex is not entitled to the

12   appointment of independent counsel under California Civil Code § 2860; (3) that Defendant

13   Centex's refusal to accept Travelers appointment of counsel in the Adkins Action is a breach of its

14   duty to cooperate under the Foremost Policy; (4) that Centex's refusal to seek a defense from other

15   carriers and/or refusal to seek recovery of defense fees and costs incurred in defense of the Adkins

16   Action from other carriers is a breach of its duty to cooperate under the Foremost Policy, and (5)

17   that pursuant to the no-voluntary payments clause in the Foremost Policy, Travelers is not obligated

18   to pay any fees and costs incurred by Newmeyer & Dillion subsequent to the date that Travelers

19   appointed counsel of its choosing in the Adkins Action.

20       4.     For a declaration of this Court of the following: (1) that TRV Indemnity has the right

21   to control the defense of Centex in the Acupan Action; (2) that Defendant Centex is not entitled to

22   the appointment of independent counsel under California Civil Code § 2860; (3) that Defendant

23   Centex's refusal to acknowledge that TRV Indemnity has the right to control the defense and select

24   counsel and its insistence that TRV Indemnity continue to pay the fees and costs of Newmeyer &

25   Dillion is a breach of its duty to cooperate under the Fresno Policy; (4) that Centex's refusal to seek

26   a defense from other carriers and/or refusal to seek recovery of defense fees and costs incurred in

27   defense of the Acupan Action from other carriers is a breach of its duty to cooperate under the

28   Fresno Policy, and (5) that pursuant to the no-voluntary payments clause in the Fresno Policy, TRV

**COMPLAINT**

1  Indemnity is not obligated to pay any fees and costs incurred by Newmeyer & Dillion subsequent to

2  the date that TRV Indemnity appointed counsel of its choosing in the Acupan Action.

3        5.      For a declaration of this Court of the following: (1) that St. Paul has the right to

4  control the defense of Centex in the Conner Action; (2) that Defendant Centex is not entitled to the

5  appointment of independent counsel under California Civil Code § 2860; (3) that Defendant

6  Centex's refusal to accept St. Paul's appointment of counsel in the Conner Action is a breach of its

7  duty to cooperate under the Executive Landscape Policy; (4) that Centex's refusal to seek a defense

8  from other carriers and/or refusal to seek recovery of defense fees and costs incurred in defense of

9  the Conner Action from other carriers is a breach of its duty to cooperate under the Executive

10 Landscape Policy, and (5) that pursuant to the no-voluntary payments clause in the Executive

11 Landscape Policy, St. Paul is not obligated to pay any fees and costs incurred by Newmeyer &

12 Dillion subsequent to the date that St. Paul appointed counsel of its choosing in the Conner Action.

13       6.      For general damages in an amount to be proven at trial;

14       7.      For attorneys' fees and costs;

15       8.      For prejudgment interest;

16       9.      For costs of suit herein; and

17       10.     For such other and further relief as this Court deems just and proper.

18

19 Dated: July 22, 2011            **BOHM, MATSEN, KEGEL & AGUILERA, LLP**

20

21                                A. Eric Aguilera, Esq.

22                                Raymond E. Brown, Esq.
                                  Attorneys for Plaintiff TRAVELERS
23                                PROPERTY CASUALTY COMPANY OF
                                  AMERICA and FIDELITY AND GUARANTY
24                                INSURANCE COMPANY

25

26

27

28

**COMPLAINT**