United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY, ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTEX HOMES,<br><br>    Defendant.<br>_____/ | No. C-11-03638 SC (DMR)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS** |

    Before the court is Plaintiffs and Counter-Defendants Travelers Property Casualty Company of America, Fidelity & Guaranty Insurance Company, The Travelers Indemnity Company of Connecticut and St. Paul Mercury Insurance Company's (collectively, "Plaintiffs") motion for sanctions against Defendant Centex Homes ("Defendant" or "Centex"). [Docket No. 37.] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the April 5, 2012 hearing on the motion is hereby VACATED.

    On December 23, 2011, Defendant filed a motion for a protective order. [Docket No. 28.] On January 4, 2012, this matter was referred to the undersigned for all discovery disputes, and on the same day this court issued an Notice of Reference and Order Re: Discovery Procedures, in which the court denied the motion for a protective order without prejudice and ordered the parties to submit a joint letter regarding their dispute pursuant to the court's Standing Order regarding resolution of

discovery disputes. [Docket No. 31.] On January 9, 2012, the parties submitted a joint discovery letter regarding their dispute in compliance with the court's January 4, 2012 Order. [Docket No. 33, "Jt. Letter."]

The parties' dispute centered around a Federal Rule of Civil Procedure 30(b)(6) deposition noticed by Plaintiffs. On February 2, 2012, the court held a hearing on the joint discovery letter and denied Defendant's request for a protective order. This motion followed.

Plaintiffs' motion for sanctions is brought pursuant to Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5)(B), which provide that if a motion for a protective order brought pursuant to Rule 26(c) is denied, "the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, the same rule also provides that "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*.

Here, the court concludes that Defendant's motion for a protective order regarding Mr. Coleman's 30(b)(6) deposition did not lack substantial justification. Accordingly, Plaintiffs' motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated: March 5, 2012

DONNA M. RYU
United States Magistrate Judge