IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; FIDELITY & GUARANTY INSURANCE COMPANY, an Iowa corporation; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation, ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>CENTEX HOMES, a Nevada partnership; and DOES 1 through 10 inclusive,<br><br>    Defendant. | Case No. 11-3638-SC<br><br>ORDER REGARDING VENUE |

## I. INTRODUCTION

Defendant Centex Homes ("Centex"), a general contractor and home-builder, is a named insured under a number of general liability policies issued by the Plaintiffs in the above-captioned matter. Plaintiffs filed this action when Centex refused to allow them to control Centex's defense in a number of construction defect actions which Centex had tendered under its policies. At least four of these actions were filed in courts that lie within the boundaries of the Eastern District of California (the "Eastern District"). None were filed in courts that lie in the Northern

District of California (the "Northern District"). On April 23, 2012, the Court ordered the parties to show cause why venue lies in the Northern District rather than the Eastern District. ECF No. 52 ("Order"). Centex and Plaintiff Travelers Property Casualty Company of America ("Travelers") filed briefs in response. ECF Nos. 53 ("Centex Response"); 54 ("Travelers Response"). Both parties contend that venue is proper in the Northern District, though Travelers argues that venue would also be proper in the Eastern District. Having reviewed the parties' arguments, the Court is satisfied that venue is proper in the Northern District and declines to transfer the case.

**II. <u>DISCUSSION</u>**

Venue is proper in "a judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §§ 1391(b)(1)-(2). With respect to determining the residence of a corporation such as Centex:

> For purposes of venue . . ., in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

<u>Id.</u> § 1391(d).

In this case, Centex may be considered a resident of the Northern District since it maintains the requisite minimum contacts with the area. According to both Centex and Travelers, Centex

2

builds homes throughout California, including in the Northern District. Centex Response at 2; Travelers Response at 1-2. For example, according to Travelers, at the time this action commenced, Centex was actively involved in the construction and sale of new homes in the Meadows Development at Magnolia Park in Oakley, California, which is located in the Northern District. Travelers Response at 1-2.

The Court notes that Centex may also be considered a resident of the Eastern District as it has been involved in the construction of at least four developments in that district. See Centex Response at 1. The residents of these developments later sued Centex for construction defects in state court, giving rise to the instant action. Thus, Centex clearly has stronger contacts with the Eastern District. Centex concedes as much in its brief. Centex Response at 3. However, the issue before the Court is not whether Centex has more contacts with the Eastern District or the Northern District. Rather, the pertinent inquiry is whether venue in the Northern District is proper. The Court finds that it is.

Travelers also argues that a substantial portion of the events that gave rise to its claims arose in the Northern District since Centex's attorneys, Newmeyer & Dillon ("Newmeyer"), tendered the underlying actions from their office in Walnut Creek, California. Travelers Response at 3. This argument also has merit. Two of the central issues in this case are: (1) whether Centex has the right to retain Newmeyer as it counsel in the tendered actions; and (2) whether Plaintiffs waived their right to appoint Centex's counsel by initially refusing to accept these tenders. Accordingly, a substantial part of the events giving rise to the claims and

3

1 counterclaims at issue occurred in Newmeyer's offices in the
2 Northern District.

### III. CONCLUSION

For these reasons, the Court holds that venue in the Northern District of California is proper and declines to transfer this case to the Eastern District of California.

IT IS SO ORDERED.

Dated: May 3, 2012



UNITED STATES DISTRICT JUDGE