IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; FIDELITY & GUARANTY INSURANCE COMPANY, an Iowa corporation; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation, ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>CENTEX HOMES, a Nevada partnership; and DOES 1 through 10 inclusive,<br><br>  Defendant. | Case No. 11-3638-SC<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |

Plaintiffs Travelers Property Casualty Company of America, et al. ("Travelers") now move for leave to file a motion for reconsideration of the Court's Order Granting Defendant Centex Homes' ("Centex") motion for partial summary judgment. ECF No. 64 ("Mot."). For the reasons set forth herein, the Motion is DENIED.

Under Civil Local Rule 7-9, a party moving for leave to file a motion for reconsideration must show: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order," (2) "[t]he emergence of new material facts or a change of law," or (3) "[a] manifest failure by the Court to consider material facts or dispositive

legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b).

Centex's motion for summary judgment raised the issue of whether Travelers, an insurer, had waived its right to control the defense of Centex, its insured, when Travelers initially refused to provide such a defense. In its opposition to Centex's motion for partial summary judgment, Travelers argued that "Centex has failed to establish that Travelers <u>waived</u> its contractual right to control Centex's defense." ECF No. 41 ("Opp'n") at 18 (emphasis added). Travelers further argued that "[a]n Insured that claims the Insurer waived its contractual rights has the burden to establish by clear and convincing evidence that the Insurer intentionally relinquished a known right after knowledge of the facts." <u>Id.</u> The Court rejected this argument, holding "a court need not discern an insurer's intent to determine whether it has breached [its] duty [to defend]. A delay is evidence enough." ECF No. 56 ("Order") at 13.

In its motion for leave to file a motion for reconsideration, Travelers takes a different tack, reframing this as an issue of "forfeiture" rather than "waiver." Relying on authority not cited in its prior briefing, Travelers argues that "California law prohibits the imposition of forfeiture of an insurer's rights under an insurance policy without first determining that the insurer acted in bad faith." Mot. at 1. Travelers contends that reconsideration is warranted since the Court failed to address this new argument in its Order.[1] Mot. at 2.

---

[1] In its opposition to Centex's motion for partial summary judgment, Travelers had argued, without citing legal authority, that "Centex presents absolutely no evidence in support of its

2

Civil Local Rule 7-9(b), allows for reconsideration where there has been "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [the challenged] interlocutory order." As Travelers' forfeiture theory was never mentioned before, the Court could not have wrongfully failed to consider it in deciding Centex's motion for partial summary judgment. Further, having reviewed the authority cited by Travelers in its Motion, the Court finds that its decision to grant Centex's motion for partial summary judgment was not in error.

Accordingly, Travelers' motion for leave to file a motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: June 12, 2012

UNITED STATES DISTRICT JUDGE

---

motion that Travelers 'wrongfully' rejected Centex's tender." Opp'n at 23. However, Travelers never raised the issue of forfeiture in that brief.

3