UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY, et al., | No. C 11-03638 SC (DMR) |
| Plaintiffs, | **ORDER RE JOINT DISCOVERY LETTER [DOCKET NO. 60]** |
| v. | |
| CENTEX HOMES, | |
| Defendant. | |

This case involves insurance disputes. Defendant Centex Homes ("Centex") develops residential communities, which it builds through the services of its subcontractors. In 2010, homeowners filed five construction defect lawsuits against Centex which form the basis for this action. Centex asserts that Plaintiff insurance companies in this action are obligated to provide defense and indemnity coverage in the homeowner lawsuits. Plaintiffs Travelers Property Casualty Company of America, Fidelity & Guarantee Insurance Company, The Travelers Indemnity Company of Connecticut, and St. Paul Mercury Insurance Company (collectively, "Travelers") seek declaratory and other relief against Centex. Travelers alleges that Centex thwarted Travelers' efforts to provide a defense to Centex under various insurance policies and engaged in other misconduct. Centex counterclaims against Travelers for alleged delays in making coverage determinations, followed by attempts to seize control of the defense despite conflicts of interest.

On July 12, 2012, the court conducted a hearing on Travelers' motion to compel further testimony pursuant to a Federal Rule of Civil Procedure 30(b)(6) deposition notice. Centex designated Jarrett Coleman to testify on behalf of the entity regarding twenty-four topics specified in

the notice. Travelers argues that at the February 28, 2012 deposition, Mr. Coleman was not adequately prepared to testify about five of those topics. [Docket No. 60]. Having considered the relevant legal authorities and the parties' arguments, and for the reasons stated at the hearing and summarized below, the court grants the motion in part and denies it in part.

## I. LEGAL STANDARDS

Federal Rule of Civil Procedure 30(b)(6) governs depositions of organizations. A party may name a corporation or other organizational entity as a deponent. The notice of deposition must describe the topics for examination with reasonable particularity. "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). "A corporate designee need not have personal knowledge of the topics at issue but must be sufficiently prepared on the topics such to be able to provide knowledgeable and binding testimony." *GE Co. v. Wilkins*, No. 10-00674 LJO JLT, 2012 WL 2376940, at *11 (E.D. Cal. June 22, 2012) (citing *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008); *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)).

## II. ANALYSIS

Travelers argues that Centex failed to designate a properly prepared deponent for five of properly noticed topics:

> 1. CENTEX's tender of defense and indemnity of the RELATED CASES to any insurance company including, but not limited to, PLAINTIFFS.
> 2. All response(s) by any insurance company including, but not limited to, PLAINTIFFS, to CENTEX's tenders for a defense and/or indemnity of the RELATED CASES.
> 15. NEWMEYER's retention of and communications with any and all third party administrators' [sic] regarding the administration, adjusting, accounting and billing of the fees and costs incurred by CENTEX in its defense of the RELATED CASES.
> 16. The apportionment among insurance carriers of their proportionate responsibility for the payment of legal bills generated by NEWMEYER regarding its representation of CENTEX in the RELATED CASES.
> 17. The invoices submitted to insurance carriers for the payment of legal bills generated by NEWMEYER regarding its representation of CENTEX in the RELATED CASES.

[Docket No. 60 at 3.]

**Topics 1 and 2**

In a verified response to written discovery requests, Centex prepared a chart, also referred to as a "matrix," which sets forth, by subcontractor, the insurance policies upon which Centex tendered coverage, the responses to the tenders, and the relevant dates. There are approximately ninety to one hundred entries in the chart for each of the five homeowner lawsuits.

Travelers' counsel asked Mr. Coleman questions about the tenders and the insurance companies' responses. Although Mr. Coleman testified generally about these topics, he was not able to provide specifics, as demonstrated in the following excerpt:

> **Q:** Okay. Are you kept apprised of what AI carriers have been tendered to?
> **A:** I get a chart quarterly.
> **Q:** And are you appraised as to what AI carriers accept tenders?
> **A:** It's contained in that chart. It's similar to the chart I think we produced to you in our, I think, interrogatory responses.
> **Q:** With regard to the Adkins case specifically, are you aware of any carriers – any AI carriers that were not tendered to?
> **A:** No.
> **Q:** Is it your understanding that – well, do you have an understanding in Adkins as to how many AI carriers ultimately accepted Centex's tender?
> **A:** Not without the matrix, no.

(Coleman Dep. 35:12-36:2, Feb. 28, 2012.) However, Mr. Coleman made clear that he was prepared to provide specific testimony regarding tenders and responses if he could refer to the matrix:

> **Q:** . . . . My understanding is, as we sit here today, you don't know who specifically was tendered to; is that accurate?
> **A:** No. We provided you interrogatory responses that gave you a matrix of who we tendered to. I can't sit here and regurgitate the entire matrix –
> **Q:** Okay.
> **A:** -- but we did provide you with a matrix.
> **Q:** And then number two is how various carriers responded. And you don't have that information as we sit here today, correct?
> **A:** No. Again, we provided you with a matrix that listed whether or not they agreed to defend or not to defend. And if you have that matrix, I'm happy to sit here and talk to you about it.

(Coleman Depo. 91:14-92:3.)

Although it is not clear from the deposition transcript or the parties' joint letter brief, at the hearing, Travelers' counsel explained that neither party had brought the matrix to the deposition. Therefore, Travelers could not question Mr. Coleman about particular entries, leading to the present motion. Travelers argues that it should not be expected to anticipate which documents a deponent might need to refer to and was justified in not bringing a copy of the matrix to the deposition. The

court admonished both sides for failing to take the reasonable course of requesting a copy of the matrix (most likely available within minutes) and obtaining the testimony. Such an approach would have obviated the time and resources expended by their clients in bringing this motion. Because the deponent must refer to the matrix in order to give accurate and binding testimony, the court orders that further deposition testimony on Topics 1 and 2 is warranted, by Mr. Coleman or another appropriately prepared designee.

**Topics 15 and 16:**

Travelers' description of Topic 15 is difficult to understand. It appears to seek testimony about communications between Newmeyer (the law firm retained by Centex) any third-party administrator ("TPA") that handles the accounting of Centex's expenses and billings of costs in defending the homeowner lawsuits. Centex's counsel represented at the hearing that Centex does not receive a copy of any of those communications and does not pay for the TPA's services, which are treated as defense costs. Thus, Centex argues, it would be unreasonable to require it to provide testimony about communications to which it was not a party. However, counsel confirmed that Newmeyer retained the TPA for Centex's benefit. The TPA administers the costs as they are incurred and passed on to insurance companies for payment in accordance with apportionments that Newmeyer negotiated on Centex's behalf. (Topic 16 seeks information about those apportionments.) Because the TPA performs work on behalf of, and for the benefit of, Centex, Centex must produce a proper deponent on these topics. Mr. Coleman was not prepared to testify about either of these topics. Centex shall therefore prepare and produce a designee(s) to testify about Topics 15 and 16.

**Topic 17:**

Mr. Coleman testified in some detail about Centex's practices regarding invoicing of legal bills and the content of those invoices. He testified that he receives electronic invoices, that insurers receive PDF versions, that he has never seen the PDF versions, but that he believes they reflect the same information that is in the electronic version. (Coleman Dep. 10-20.) Centex's counsel represented that Centex has produced the invoices to Travelers. Nevertheless, Travelers never attempted to ask Mr. Coleman any questions about specific invoices:

**Q:** The -- [topic] number 17 is: "The invoices submitted to insurance carriers for the payment of legal bills generated by Newmeyer."
My understanding is you don't see the invoices submitted to insurance carriers with regard to – you never saw the invoices submitted to the insurance carriers for any of those cases, correct?
**A:** I approve the bills. Those same bills are then generated into a paper format, and then distributed on to the perspective carriers.
**Q:** Okay. But the invoices, themselves, you don't see –
**A:** I did not see the final paper copy. I saw, essentially, all the exact same informatino but in an electronic format.
**Q:** Okay. All right.
I don't have any further questions.

(Coleman Dep. 93:7-24.)

Travelers argues that Mr. Coleman was not adequately prepared to testify about Topic 17 because he admitted that he had not seen any of the paper invoices sent to insurance companies for payment and merely assumed that they were same as the electronic versions. Travelers contends that the paper invoices are, in fact, different. However, Travelers had the opportunity to probe any such differences by asking specific questions. Travelers' counsel chose not to. The record does not support a finding that Mr. Coleman was inadequately prepared. Therefore, Centex need not produce a further deponent on Topic 17.

IT IS SO ORDERED.

Dated: July 16, 2012

_____
DONNA M. RYU
United States Magistrate Judge