IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTEX HOMES and DOES 1 through 10 inclusive, | Case No. 11-3638-SC<br><br><u>ORDER RE: MOTIONS TO SEAL</u> |
| CENTEX HOMES,<br><br>    Counterclaimant,<br><br>    v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al.,<br><br>    Counterdefendant. | |

Now before the Court are two motions to seal filed in connection with the parties' pending cross-motions for summary judgment. ECF No. 141 (First Motion to Seal ("MTS1")), 158 (Second Motion to Seal ("MTS2")). For the reasons set forth below, the First Motion to Seal is DENIED and the Second Motion to Seal is GRANTED in part and DENIED in part.

Federal courts have long recognized a common law right of access to inspect various judicial documents. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "This common law right creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002). In consideration of this strong presumption, Civil Local Rule 79-5 provides: "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise protectable under the law." A party seeking to seal a document must "articulate[] compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure . . . ." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotations omitted).

The First Motion to Seal pertains to Plaintiff's "Construction Defect Review Guidelines 2008" (the "Guidelines"). MTS1 at 1. Plaintiff argues that the Guidelines should be sealed because they constitute a trade secret and because they are irrelevant to the instant action. ECF No. 157 ("Resp. to MTS1") at 3-5. Neither

argument is particularly compelling.  Plaintiff concedes that the Guidelines are "outdated and no longer in use."  Id. at 2.  Accordingly, it is unclear how Plaintiff's competitors could derive any economic benefit from their use.  Plaintiff argues that the Guidelines are trade secrets, regardless of whether they are outdated, because they were never disclosed to Plaintiff's competitors.  Id. at 4.  This argument conflates trade secrets with ordinary secrets.  Information does not have value to a competitor merely because the competitor does not have access to it.  Further, Plaintiff's argument that the Guidelines are irrelevant is belied by Judge Ryu's January 10, 2013 Order requiring their production.  ECF No. 127.  Accordingly, the First Motion to Seal is DENIED.

The Second Motion to Seal pertains to the attorney invoices and billing records from the firm of Newmeyer & Dillon ("Newmyer") regarding its representation of Defendant in a number of underlying actions, as well as copies of checks evidencing payments made on these invoices by Plaintiff and other participating insurers.  MTS2 at 3.  Neither party objects to filing the check copies in the public record.  MTS 2 at 3; ECF No. 161 ("Resp. to MTS2") at 2.  However, Defendant argues that the invoices and billing records should be sealed because they are protected by the attorney-client privilege and the work product doctrine.  Resp. to MTS2 at 3-4.  Under Ninth Circuit authority, "attorney-client privilege embraces attorney time, records and statements to the extent that they reveal litigation strategy and the nature of the services provided."  Real v. Cont'l Group, Inc., 116 F.R.D. 211, 213 (N.D. Cal. 1986).  "However, simply the number of hours billed, the parties' fee arrangement, costs and total fees paid do not

3

constitute privileged information." <u>Id.</u>

Here, portions the invoices and billing records at issue reveal the nature of the services provided by Newmeyer and could potentially reveal Defendant's litigation strategy in the underlying actions. However, the records also include a significant amount of non-privileged information, including Newmeyer's billing rates and the number of hours billed. Accordingly, the Second Motion to Seal is GRANTED in part and DENIED in part. Defendant shall file unredacted versions of the billing records under seal with the Court. Defendant shall also file redacted versions in the public record. Only the descriptions of the work performed by Newmeyer shall be redacted. Defendant shall also file in the public record copies of the checks discussed above.

For the foregoing reasons, the First Motion to Strike (ECF No. 141) is DENIED, and the Second Motion to Strike (ECF No. 158) is GRANTED in part and DENIED in part.

IT IS SO ORDERED

Dated: February 26, 2013

UNITED STATES DISTRICT JUDGE

4