United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY, | No. C 11-03638 DMR |
| Plaintiff, | **ORDER REGARDING FEBRUARY 26, 2013 JOINT DISCOVERY LETTER** |
| v. | |
| CENTEX HOMES, | |
| Defendant. | |
| _____/ | |

Before the court is the parties' February 26, 2013 joint discovery letter regarding Defendant Centex Homes's ("Centex") motion to compel. [Docket No. 164 (Joint Letter).] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, Defendant's motion to compel is GRANTED.

**I. Background**

On December 11, 2012, Centex and Plaintiff Travelers Property Casualty Co. ("Travelers") submitted a joint discovery letter regarding Centex's request for an order compelling production of a document for which Travelers had asserted claims of attorney-client privilege and work product protection and protection as a trade secret. [Docket No. 115 (Dec. 11, 2012 Joint Letter).] Centex first learned of the existence of the document at the deposition of a Travelers' claims adjuster. The adjuster testified that she received a written guideline from her manager regarding the timing of certain claims handling actions. (Dec. 11, 2012 Joint Letter 2, Ex. A.) Following the deposition,

Centex asked Travelers to produce the document. Travelers responded by producing a version of the document, the "Construction Defect File Review Guidelines 2008," (the "2008 Guidelines"), that it had redacted in its entirety. Travelers produced an accompanying privilege log. (Dec. 11, 2012 Joint Letter 2, Ex. B.) Following the court's *in camera* review of the document and a hearing on the matter, the court ordered Travelers to produce the document. [Docket No. 127 (Jan. 10, 2013 Minute Order).] At the hearing, the court noted that the document appeared to be "guidelines that supervisors are supposed to use in evaluating supervisees across different aspects of their work," and did not contain any privileged information. (Hr'g Tr. Jan. 10, 2013, 13:17-19.) Further, the court noted that any concerns that the document contained proprietary business information would be addressed by the protective order in place in this case. (Hr'g Tr. 13:23-14:1.)

Following the court's order, Travelers produced an unredacted version of the 2008 Guidelines to Centex. Travelers subsequently filed objections to the court's January 10, 2013 order with the Honorable Samuel Conti.[1] [Docket No. 138 (Travelers' Objections).] In its objections, Travelers indicated that the 2008 Guidelines "[were] outdated and had been replaced" two years before the deponent became a claims adjuster. (Travelers' Objections 1.) Shortly thereafter, Travelers' submitted a declaration in which a Travelers' employee stated that the 2008 Guidelines "[have] subsequently been replaced." (Decl. of Wolcott, Feb. 1, 2013, ¶ 7.) Centex asserts that Travelers did not disclose the existence of "updates" to the 2008 Guidelines until February 1, 2013, well after the December 2012 close of discovery.

Centex now moves to compel production of all versions of Travelers' Construction Defect File Review Guidelines.

## II. Discussion

In this action, Centex alleges that Travelers failed to respond to Centex's tenders in a timely fashion and that it violated California's insurance regulations by failing to respond to Centex's claims within a certain amount of time. To that end, Centex propounded document requests seeking

---

[1] Judge Conti did not issue an order denying the motion or setting a briefing schedule within 14 days of Travelers' objections. Travelers' motion was therefore deemed denied. *See* N.D. Cal. Civ. L.R. 72-2.

"all claims-handling guidelines, manuals, policies, procedures and other documents . . . which discuss [Travelers'] practice for responding to tenders in a timely fashion." (Joint Letter 2.) According to Centex, the 2008 Guidelines specifically address the amount of time an adjuster may take to respond to tenders. Centex argues that all versions of the 2008 Guidelines are responsive to its discovery requests, and not just the version that happened to be identified by a deponent. Although discovery closed in December 2012, Centex argues that the court should not deny this motion as untimely because Centex only recently learned that Travelers had replaced its 2008 Guidelines. Specifically, while Travelers had previously argued that the 2008 Guidelines were "outdated," it was not until February 2013 that Travelers produced evidence that it had "replaced" the 2008 Guidelines.

Travelers argues that Centex is not entitled to the production of any additional documents for two reasons. First, Travelers argues that the 2008 Guidelines are not responsive to any of Centex's discovery requests. Second, Travelers argues that Centex's "failure to address this issue earlier constitutes waiver," arguing that Centex has known that there were other versions of the document well before the discovery cutoff. (Joint Letter 6.)

Travelers' arguments are unavailing. First, the court concludes that the 2008 Guidelines are responsive to Centex's request seeking "all claims-handling guidelines, manuals, policies, procedures and other documents" which discuss Travelers' "practice for responding to tenders in a timely fashion." While Travelers describes the document as "a quality control document" and insists that it is not a "claims handling guideline," (Joint Letter 6), the document provides standards by which supervisors evaluate the performance of claims adjusters and unquestionably reflects claims handling practices, including when certain claims-handling acts are considered "timely." (*See* Notice of Lodging in Supp. of Centex's Consolidated Mot. for Partial Summary J., Ex. A.) Travelers conceded the responsiveness of this document by listing it on a privilege log as a document withheld from production on the basis of privilege.

The court also concludes that Centex's motion is not untimely. Travelers had an obligation to produce all updated versions of the 2008 Guidelines as documents that are responsive to Centex's discovery requests. Travelers is not excused from this duty simply because Centex did not

1 specifically ask for the updates. Furthermore, Travelers repeatedly described the 2008 Guidelines as
2 "outdated." However, Travelers did not inform Centex that the document had been "replaced" until
3 after the discovery cutoff. There is a difference between describing a document as "outdated," as
4 opposed to "replaced." The latter implies the existence of an updated version; the former is
5 ambiguous. There is no indication that Centex knew about the existence of subsequent versions of
6 the 2008 Guidelines prior to the discovery cutoff. Under these circumstances, Centex did not waive
7 the right to move to compel the production of the additional versions of the document. Accordingly,
8 Centex's request for an order compelling the production of all versions of the Construction Defect
9 File Review Guidelines which replaced the 2008 version is GRANTED. Travelers is ordered to
10 produce documents in conformance with this order by no later than April 12, 2013.

IT IS SO ORDERED.

Dated: April 1, 2013



_____
DONNA M. RYU
United States Magistrate Judge