**United States District Court**
Northern District of California

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>CENTEX HOMES, NEWMEYER & DILLION, and DOES 1 through 10 inclusive, | Case Nos. 11-3638-SC, 12-00371-SC, 13-00088-SC<br><br>ORDER FOR SUPPLEMENTAL <u>BRIEFING</u> |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>CENTEX HOMES, NEWMEYER & DILLION, RGL INC., RGL FORENSICS, and DOES 1 through 10 inclusive, | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, FIDELITY & GUARANTY INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, and ST. PAUL MERCURY INSURANCE COMPANY,<br><br>          Plaintiffs,<br><br>     v.<br><br>CENTEX HOMES and DOES 1 through 10 inclusive,<br><br>AND RELATED COUNTERCLAIMS | |

1    Case Numbers 12-00371-SC and 13-00088-SC were recently related
2 to another case currently pending before the undersigned, Case
3 Number 11-3638-SC.  Now pending before the Court are five separate
4 Rule 12 motions filed in Case Numbers 12-00371-SC and 13-00088-SC.
5 Many of the briefs filed in connection with these motions were
6 submitted before these three cases were related and assigned to the
7 undersigned.  In these motions, the parties argue that various
8 claims or counterclaims should be dismissed or stricken because
9 they are duplicative of claims or counterclaims filed in: (1) Case
10 Number 11-3638-SC, (2) another suit between Travelers and Centex
11 currently pending before Judge Virginia A. Phillips in the United
12 States District Court for the Central District of California, Case
13 No. 12-00496, or (3) cross-complaints filed in various superior
14 courts throughout California.  As the parties point out, many of
15 these actions involve substantially similar claims or counterclaims
16 and the same underlying construction defect actions.  Accordingly,
17 there is a high risk of inconsistent judgments.  Further, the
18 duplicative nature of these actions could result in a waste of
19 judicial resources.
20   One way to deal with these problems would be to consolidate
21 all of the actions currently pending before this Court and stay
22 that consolidated case, either in whole or in part, pending a
23 decision on duplicative issues now before the California superior
24 courts, which are in the best position to rule on the issues of
25 California insurance law raised by these cases.  The parties may
26 also consider transferring to this Court Case Number 12-00496, the
27 case currently pending before Judge Phillips in the Central
28 District, for the purposes of consolidation.  The parties have

represented that Case Number 12-00496 is on the verge of settlement. But the stipulated settlement in that action has been pending for almost four months and the parties have yet to consummate an agreement. Indeed, Judge Phillips set a March 20, 2013 deadline for consummation of the settlement agreement, and there is no indication that there has been any movement on the issue in the last month.

The Court hereby requests supplemental briefing on the issues discussed above from Travelers and Centex. Specifically, Travelers and Centex shall:

- Provide the Court with a succinct summary of all litigation between Travelers and Centex currently pending in California state and federal courts. This summary shall include: (1) the identity of the court before which each action is pending, (2) the case number, (3) the underlying construction defect actions involved, (4) a description of the claims and counterclaims asserted by Travelers and Centex in each of the actions, and (5) an assessment of the procedural posture of each case (e.g., have the parties completed discovery, filed dispositive motions, etc.).
- Advise the Court on their position on the consolidation of some or all of the federal litigation between Travelers and Centex, as well as whether any of the cases currently pending before the Court should be stayed in whole or in part.
- Advise the Court on how the relation of Case Numbers 11-3638-SC, 12-00371-SC, and 13-00088-SC affects their pending motions to dismiss and strike, if at all. The parties shall

3

    also advise the Court on how consolidation of these actions would affect their pending motions.

- Update the Court on the status of their settlement negotiations in Case Number 12-00496 and address whether they would be amenable to transferring that case to this Court for consolidation with the Case Numbers 11-3638-SC, 12-00371-SC, and 13-00088-SC.
- Identify any prior orders issued by any court that addressed the contention that any of the claims or counterclaims asserted in Case Numbers 11-3638-SC, 12-00371-SC, and 13-00088-SC are duplicative of claims asserted in any other action. The parties shall provide docket and page numbers for each reference.
- Suggest trial dates and other relevant case management dates for each of the cases currently pending before the Court and address whether consolidation or a full or partial stay would result in an undue delay.

The other parties to these actions, including Newmeyer & Dillion, RGL Inc., and RGL Forensics, are not required to submit supplemental briefing, but may do so if they wish. Each party's brief shall not exceed twenty (20) pages and shall be submitted within ten (10) days of the signature date of this Order.

    IT IS SO ORDERED.

    Dated: April 25, 2013

                                    UNITED STATES DISTRICT JUDGE