UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTEX HOMES,<br><br>        Defendant.<br>_____/ | No. C-11-03638 DMR<br><br>**ORDER ON MAY 13, 2013 JOINT DISCOVERY LETTER** |

Before the court is the parties' May 13, 2013 joint discovery letter. [Docket No. 178 (Joint Letter).] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

The parties' dispute centers around the scheduling of the deposition of Plaintiff Travelers Property Casualty Company's ("Travelers") rebuttal expert witness, Carol Langford. The parties agreed that as a rebuttal expert, Ms. Langford's deposition would take place after Travelers took the deposition of Defendant Centex Homes's ("Centex") expert. Travelers deposed Centex's expert on April 9, 2013, and shortly thereafter offered three potential dates in June for Ms. Langford's deposition. (Jt. Letter 2.) Unhappy with those dates, Centex issued a subpoena to Ms. Langford for a May 7, 2013 deposition. Travelers then advised Centex that Ms. Langford is unavailable for deposition in May 2013 due to her other commitments as an expert witness and her work as a law

school professor. Travelers now seeks a Federal Rule of Civil Procedure 26(c) protective order that Ms. Langford's deposition not take place prior to June 17, 2013. (Jt. Letter 2-3.)

Centex complains that Ms. Langford refused to comply with a validly issued subpoena, and challenges Travelers' contention that she is unavailable in May. (Jt. Letter 7-8.) Centex asks the court to order Ms. Langford to appear for deposition within three days of the filing of the letter. (Jt. Letter 7.) However, Centex has not identified any reason why Ms. Langford's deposition *must* take place in May. Discovery has closed, there are no upcoming motion deadlines, and there is no trial date set in this matter. The next hearing in the case is not until July 23, 2013. The only justification Centex provides for its request for an order that Ms. Langford appear in May is the assertion that Travelers' refusal to produce Ms. Langford until June violates the spirit of the parties' agreement regarding the scheduling of the expert depositions. (Jt. Letter 9.) However, Travelers represents to the court that the only reason Ms. Langford's deposition cannot take place in May is because of her own schedule. As Centex has offered no countervailing reason for the deposition to be conducted before June, Centex's request that the court order Ms. Langford to appear in May is denied. Ms. Langford's deposition shall take place on a date of Centex's choosing in June 2013 that works for Ms. Langford's schedule.

IT IS SO ORDERED.

Dated: May 17, 2013



DONNA M. RYU
United States Magistrate Judge