**United States District Court**
Northern District of California

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, FIDELITY & GUARANTY INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, AND ST. PAUL MERCURY INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTEX HOMES and DOES 1 through 10 inclusive, | Case No. 11-3638-SC<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE A MOTION FOR <u>RECONSIDERATION</u> |
| CENTEX HOMES,<br><br>    Counterclaimant,<br><br>    v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al.,<br><br>    Counterdefendant. | |

Now before the Court is Defendant Centex Homes' ("Centex") motion for leave to file a motion for reconsideration. ECF No. 183 ("Mot."). Centex asks the Court to reconsider its April 8, 2013 Order on the Centex and Travelers Property Casualty Company of America's ("Travelers") cross-motions for summary judgment, ECF No. 170 ("April 2013 Order"). The April 2013 Order vacated in part a May 10, 2012 Order, ECF No. 56 ("May 2012 Order"), which granted prior motions by Centex for partial summary judgment and judgment on the pleadings.

Centex argues that the Court inadvertently vacated its prior ruling on Centex's motion for partial judgment on the pleadings. Mot. at 5-6. The Court did not intend to vacate that aspect of its May 2012 Order, but the conclusion of the April 2013 Order could be read that way. Accordingly, the Court hereby clarifies that its May 2012 ruling on Centex's motion for judgment on the pleadings remains in effect.

In the May 2012 Order, the Court held that Travelers waived its right to control Centex's defense in the Adkins and Garvey actions when it initially declined to participate in the defense of those actions. The April 2013 Order vacated that aspect (and only that aspect) of the May 2012 Order. Centex argues that this holding was in error. The Court GRANTS Centex's motion for leave to file a motion for reconsideration on this issue.

Centex shall file and notice its motion for reconsideration in accordance with Civil Local Rule 7. The parties' briefing on the motion should address the California Court of Appeal's holding in Stalberg v. Western Title Insurance Company, 282 Cal. App. 3d 1223 (1991), as well as any relevant distinctions among Travelers'

responses to the tenders of the Acupan, Adkins, Conner, and Garvey actions.

IT IS SO ORDERED.

Dated: May 29, 2013

_____
UNITED STATES DISTRICT JUDGE