IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTEX HOMES; and CENTEX REAL ESTATE CORPORATION,<br><br>    Defendants. | Case No. 11-CV-03638-SC<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR RECONSIDERATION |

On April 8, 2013 the Court issued an order granting in part and denying in part the above-captioned parties' cross-motions for partial summary judgment. ECF No. 170 ("Apr. 2013 Order"). With the Court's leave, Defendant Centex Homes ("Centex") now moves for reconsideration of the April 2013 Order. ECF No. 213 ("Mot."). The primary question raised by the Motion is whether an insurer loses its right to control the defense of its insured if it fails to provide the insured with a defense immediately after its duty to defend has been triggered, where the insurer subsequently accepts the insured's tender and offers to provide a defense, and where the insurer reimburses the insured for any legal costs incurred prior

to its acceptance of the insured's tender. The Motion is fully briefed, ECF Nos. 219 ("Opp'n"), 221 ("Reply"), and appropriate for determination without oral argument per Civil Local Rule 7-1(b). Having reviewed the arguments presented by the parties, the Court finds that its April 2013 Order as to Travelers' right to control Centex's defense in the Acupan and Conner actions was inconsistent with a case decided by the California Court of Appeal in May 2013, J.R. Mktg., L.L.C. v. Hartford Cas. Ins. Co., 216 Cal. App. 4th 1444 (2013), and affirmed in relevant part by the California Supreme Court in August 2015, Hartford Cas. Ins. v. J.R. Mktg., 61 Cal. 4th 988 (Aug. 10, 2015). Accordingly, the Court finds that its April 2013 Order as to Travelers' right to control Centex's defense in the Acupan and Conner actions was in error. Centex's motion for reconsideration is GRANTED.

## I.   BACKGROUND

### A.   Factual Background

Centex participates in the development of residential communities throughout California, though it does not perform any actual construction work. Instead, it hires subcontractors to build the homes it sells. These subcontractors include American Woodmark ("Woodmark"), Foremost Superior Marble ("Foremost"), West Coast Countertops ("West Coast"), Fresno Precision Plastics ("Fresno"), and Executive Landscape ("Executive"). Each of these subcontractors purchased commercial general liability insurance from the above-captioned Defendants (collectively, "Travelers"), and the policies name Centex as an additional insured.

///

This case arises from a number of underlying construction defect lawsuits filed against Centex in California state court. These underlying suits include the Adkins, Garvey, Acupan, and Conner actions. Centex tendered each of these actions to Travelers pursuant to one or more of the insurance policies described above. It is undisputed that, in each of these actions, some time elapsed between Centex's tender and Traveler's decision to provide a defense subject to a reservation of rights. In the interim, Centex retained the law firm of Newmeyer and Dillion LLP ("Newmeyer") to defend it in the underlying actions. When Travelers finally agreed to provide a defense, it insisted on appointing its own counsel. Centex insisted on retaining Newmeyer, arguing that Travelers lost its right to control the defense by waiting too long to provide one. As the facts surrounding the tender of the Acupan and Conner actions are pertinent to the instant motion, the Court recounts them below.

Centex first tendered the Acupan action to Travelers under the Fresno policy on April 8, 2010. On September 13, 2010, Travelers concluded that there was no potential for coverage under the Fresno policy and declined to provide a defense. ECF No. 148-14. Several months later, on June 28, 2011, Travelers reversed course and agreed to provide a defense pursuant to the Fresno Policy, subject to a reservation of rights. ECF No. 148-18. Centex also tendered the Acupan action under the West Coast policy on January 21, 2011. ECF No. 148-24. On June 1, 2011, after requesting and receiving additional information, Travelers agreed to participate in Centex's defense under the West Coast policy, subject to a reservation of rights. ECF Nos. 148-16, 148-26.

Centex tendered the Conner action to Travelers under the Executive policy on September 8, 2010. ECF No. 148-27. About two weeks later, on September 22, Travelers requested additional information. ECF No. 148-28. Centex responded to the request that very same day. ECF No. 146-11. On January 21, 2011, Travelers agreed to participate in Centex's defense in the Conner action under the Executive policy subject to a reservation of rights. ECF No. 148-29.

### B. Procedural History

On July 25, 2011, Travelers filed the instant action against Centex. ECF No. 1. One month later Travelers filed a First Amended Complaint, which asserts causes of action for (1) declaratory relief, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, and (4) reimbursement. Among other things, Travelers seeks a judicial declaration that it had the right to control Centex's defense in the Garvey, Adkins, Acupan, and Conner actions.

On May 10, 2012, the Court issued an order granting Centex's motion for partial summary judgment and partial judgment on the pleadings. ECF No. 56 ("May 2012 Order"). Among other things, the Court found that, since the duty to defend is immediate, Travelers lost its right to control the defense of the Garvey and Adkins actions when it declined to participate in the defense of those actions in late 2010 and early 2011. May 2012 Order at 9-10. The Court also rejected Travelers' argument that Centex needed to show that Travelers intended to waive its right to control the defense of Garvey and Adkins actions, reasoning: "[A] court need not

///

4

discern an insurer's intent to determine whether it has breached that duty. A delay is evidence enough." Id. at 13.

The Court reconsidered and reversed this decision when it ruled on the parties' cross-motions for partial summary judgment on April 8, 2013. Centex had asked the Court to find that Travelers' delay in responding to Centex's tenders of the Acupan and Conner actions divested Travelers of its right to control the defense of those actions. April 2013 Order at 11. Travelers responded that, under Chase v. Blue Cross of California, 42 Cal. App. 4th 1142 (Cal. Ct. App. 1996), an insurer could only lose a contractual right under theories of waiver, forfeiture, or estoppel. See id. The Court agreed, finding that "an insurer cannot lose its right to control the defense of its insured through delay alone. Rather, it may only lose that right through waiver, forfeiture, or estoppel, none of which have been proven by Centex." Id. at 13. The Court denied Centex's motion for summary judgment on the issue of whether Travelers had lost its right to control the defense of the Acupan and Conner actions, and vacated its prior decision that Travelers had lost its right to control the defense of the Garvey and Adkins actions. Id. at 16. The Court also found that there were triable issues of fact as to whether Travelers had a duty to defend the Garvey, Adkins, Acupan, and Conner actions. Id. at 6.

Centex subsequently filed a motion for reconsideration concerning the Court's vacation of the May 2012 Order and the Court's findings with respect to the Garvey and Adkins actions. ECF No. 195. Centex also sought leave to file a motion for reconsideration on whether Travelers lost the right to control Centex's defense in the Acupan and Conner actions. Id. The Court

granted Centex's motion, finding that its April 2013 Order as to the Garvey and Adkins actions was inconsistent with the Court of Appeal's decision in J.R. Marketing, which was decided after the April 2013 Order.  ECF No. 200.  The Court also granted Centex's motion for leave to file a motion for reconsideration as to the Acupan and Conner actions.  Id.  Subsequently, Centex filed the instant motion for reconsideration concerning Travelers' right to control Centex's defense with respect to the Acupan and Conner actions.  Before issuing an order on Centex's motion, however, the Court stayed the case pending the California Supreme Court's review of the Court of Appeal's decision in J.R. Marketing.  The California Supreme Court affirmed in relevant part the Court of Appeal's decision on August 10, 2015, Hartford Cas. Ins., 61 Cal. 4th at 997, and the Court subsequently lifted the stay in this case, ECF No. 233.  Now before the Court is Centex's motion for reconsideration as to Travelers' right to control Centex's defense in the Acupan and Conner actions.

**II. LEGAL STANDARD**

A party may ask a court to reconsider and amend a previous order pursuant to Federal Rule of Civil Procedure 59(e) and Civil Local Rule 7-9.  Rule 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (quotations omitted).  Civil Local Rule 7-9(b) provides that a party moving for reconsideration must generally show: (1) an intervening change in controlling law, (2) the emergence of new material facts, or (3) a manifest failure by the Court to consider

6

material facts or dispositive legal arguments. "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

As Centex moves for reconsideration of a summary judgment order, the Court also employs the legal standard set forth in Federal Rule of Civil Procedure 56. Entry of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be granted if the evidence would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). Thus, "Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

**III. DISCUSSION**

In general, an insurer has the right to control the defense it provides to its insured. James 3 Corp. v. Truck Ins. Exch., 91 Cal. App. 4th 1093, 1105 (2001). However, when an insurer breaches its duty to defend, the insurer forfeits its right to control the defense of the action. J.R Mktg., L.L.C. v. Hartford Casualty Ins.

7

Co., 216 Cal. App. 4th 1444 (2013); Intergulf Dev. v. Super. Ct., 183 Cal. App. 4th 16, 20 (2010).

In J.R. Marketing, the defendant insurer refused to defend or indemnify the plaintiff insured in an underlying lawsuit. 216 Cal. App. 4th at 1449. The insured hired the law firm of Squire Sanders L.L.P. ("Squire") to defend it in the underlying action and bring suit against the insurer for coverage. Id. The insurer then reconsidered its position and agreed to provide the insured with a defense, but the insurer refused to pay defense costs incurred prior to a certain date and insisted that its own counsel represent the insured in place of Squire, the insured's chosen Cumis counsel.[1] Id.

On summary adjudication, the trial court in J.R. Marketing found that the insured was entitled to Cumis counsel from the date it tendered the underlying action and that the insurer could not invoke the provisions of California Civil Code section 2860 that cap the amount of fees payable to Cumis counsel. Id. at 1449-50. The trial court found that section 2860's protections were unavailable since the insurer had breached and continued to breach its defense obligations by failing to pay all reasonable and necessary defense costs incurred by the insured, and by failing to provide Cumis counsel. Id. at 1450. The Court of Appeal affirmed, reasoning: "Where, as here, the insurer breaches its duty to defend the insured, the insurer loses all right to control the defense, including, necessarily, the right to control financial decisions such as the rate paid to independent counsel or the cost-

---

[1] In California, an insured is entitled to independent counsel, a.k.a. Cumis counsel, where a conflict exists because of an insurer's control over the litigation. See Cal. Civ. Code § 2860.

8

effectiveness of any particular defense tactic or approach." Id. at 1457. The California Supreme Court subsequently affirmed that portion of the Court of Appeal's decision. J.R. Mktg., L.L.C., 61 Cal. 4th at 997; see also id. at 1002 ("where . . . the insurer wrongfully refused to defend the insured or to afford Cumis counsel, the insured may proceed as he or she deems appropriate, and the insurer forfeits all right to control the insured's defense, including the right to determine litigation strategy.").

J.R. Marketing stands for the proposition that an insurer loses its right to control the insured's defense upon breach of its duty to defend. Accordingly, the Court's holding in its April 2013 Order that an insurer can lose its right to control the insured's defense solely "through waiver, forfeiture, or estoppel" was in error. April 2013 Order at 13. In its Order dated August 26, 2013, the Court found that Travelers breached its duty to defend as to the Garvey and Adkins actions when it wrongfully denied Centex's tenders. ECF No. 200 at 11. Unlike the Garvey and Adkins actions, however, Travelers accepted Centex's tenders of the Acupan and Conner actions. Nevertheless, Travelers' response took 131 and 135 days, respectively, during which time Centex hired its own counsel and incurred legal expenses (although Travelers subsequently reimbursed Centex for those expenses). The issue on the instant motion for reconsideration, therefore, is whether this delay constitutes a breach of Travelers' duty to defend such that Travelers lost its right to control Centex's defense.

Neither the parties nor the Court were able to find a case clearly delineating the point at which an insurer's delay amounts to a breach of its duty to defend. In general, to establish a duty

to defend, the burden is on the insured to make a prima facie showing that a third party claim potentially falls within the insuring provisions of its policy. Anthem Electronics, Inc., 302 F.3d at 1054. In addition, an insurer's duty to defend will not ripen until a third party files a complaint against the insured. See Foster-Gardner, Inc. v. Nat'l Union Fire Ins. Co., 18 Cal. 4th 857, 886 (1998). However,

> [t]his should not be understood literally to mean the instant the insurer receives the complaint filed against its insured and before any investigation is made. Rather, it probably means the point in time a liability insurer is required to act on the insured's behalf (e.g. when an answer to the complaint is due).

Croskey, et al., Cal. Prac. Guide Ins. Lit. Ch. 7B-C (Rutter 2013). At that point, the insurer has an immediate duty to defend until it can show conclusively that the damages sought in the third party lawsuit are not covered under the policy. See Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 295 (1993). ("Imposition of an immediate duty to defend is necessary to afford the insured what it is entitled to: the full protection of a defense on its behalf."); id. at 300 ("[T]he insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot.") (emphasis added).

Here, Centex tendered its defense in the Acupan action on January 21, 2011. It made a prima facie showing that the action potentially fell within its coverage by February 1, 2011 when it submitted copies of subcontracts and other documents at Travelers' request. However, the complaint in the Acupan action was not filed until April 19, 2011. In California, a responsive pleading is not due until 30 days after the complaint is filed. Cal. Rules of Court 3.110. Thus, Travelers' duty to defend was not triggered

10

until May 19, 2011. Travelers did not accept Centex's tender, however, until June 1, 2011. Thus, there were at least 13 days during which Travelers had a duty to defend Centex but did not provide a defense. As a result, Centex had to employ its own counsel.

Centex tendered its defense in the Conner action on September 8, 2010, at which point it had made a prima facie showing that the action potentially fell within its coverage. The complaint in the Conner action was not filed, however, until October 15, 2010. Travelers' duty to defend therefore arose on November 15, 2010, the date on which a responsive pleading was due from Centex. Travelers did not accept Centex's tender, however, until January 21, 2011. Its acceptance, therefore, was made 67 days after its duty to defend was triggered.

Travelers argues that it did not breach its duty to defend because (1) it had a right to conduct a reasonable investigation before accepting Centex's tender and (2) it reimbursed Centex for legal costs incurred prior to accepting Centex's tender. The duty to defend imposes upon the insurer several responsibilities, including that it "employ competent counsel to represent the assured." Merritt v. Reserve Insurance Co., 34 Cal. App. 3d 858, 882 (1973). A failure to provide counsel or to guarantee the payment of legal fees immediately after an insurer's duty to defend has been triggered constitutes a breach of the duty to defend, even if the insurer later reimburses the insured. See Montrose Chem. Corp., 6 Cal. 4th at 295, 300. After all, "[t]he insured's desire to secure the right to call on the insurer's superior resources for the defense of third party claims is, in all likelihood, typically

11

as significant a motive for the purchase of insurance as is the wish to obtain indemnity for possible liability." Id. at 295-96. Of course, an insurer is free to conduct an investigation beyond the point at which its duty to defend has been triggered. Such an investigation may lead to facts establishing that there is no possibility of coverage, thereby ending the insurer's duty to defend. An insurer may not, however, deprive an insured of the security implicit in the duty to defend -- specifically, "the right to [immediately] call on the insurer's superior resources" as opposed to having to marshal its own resources to mount a defense against a claim that possibly falls within the policy's coverage. Id.

Accordingly, the Court finds that Travelers breached its duty to defend by failing to provide Centex with a defense at least 30 days after the complaints were filed in the Acupan and Conner actions. Upon breaching its duty to defend, Travelers also lost its right to control Centex's defense. See J.R Mktg., L.L.C., 216 Cal. App. at 1457.

**IV. CONCLUSION**

For the forgoing reasons, the Court GRANTES Centex's motion for reconsideration and finds that Travelers lost its right to control Centex's defense in the Acupan and Conner actions.

IT IS SO ORDERED.

Dated: October 7, 2015

_____
UNITED STATES DISTRICT JUDGE

12